FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ APR 2? 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROLANDO LEON,

               Petitioner,

    -against-

DALE ARTUS,

               Respondent.
----------------------------------------------------------x

MEMORANDUM AND ORDER
15-CV-6152 (ENV)

VITALIANO, D.J.

On December 8, 2015, petitioner Rolando Leon was directed to show cause why his October 23, 2015 petition for a writ of habeas corpus, challenging his 2003 state-court conviction, should not be dismissed as time-barred under AEDPA's one-year statute of limitations. See Dkt. No. 4; 28 U.S.C. § 2244(d). Specifically, given the extensive lag between the date on which his conviction became final and the date of filing the instant petition, Leon was directed to explain why the doctrines of statutory or equitable tolling allowed his petition to go forward as timely. See id. On April 15, 2016, Leon timely responded, but, since it did not address timing with respect to when his conviction became final, not in the way the Court had instructed. Essentially, the response asserted that his petition was timely filed because it challenges the denial of a resentencing application, purportedly made pursuant to certain changes in New York state sentencing law, which New York's high court denied on August 14, 2015 – i.e., within one year of the filing of his petition. Leon Letter, Dkt. No. 5, at 1.

### Discussion

Petitioner has made no attempt to show, much less succeeded in showing, that statutory or equitable tolling applies to and saves his petition. See Wall v. Kholi, 562 U.S. 545, 560, 131 S. Ct. 1278, 1289, 179 L. Ed. 2d 252 (2011) (holding that habeas petition can be tolled by motion

challenging sentence). More important, it is clear from the record and from what he states in his motion papers that Leon filed the underlying resentencing application long after AEDPA's one-year statute of limitations had expired. Absent a basis for statutory or equitable tolling, which Leon has failed to demonstrate, the statute of limitations bar cannot be lifted.

In addition, even if the petition had been timely filed, the claim Leon seeks to advance, which arises from a purported misapplication by the state courts of a state law, is simply outside the constitutional scope of federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); 28 U.S.C. 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of *the Constitution or laws or treaties of the United States.*") (emphasis added). On these grounds too, therefore, the petition must be dismissed.

## Conclusion

For the foregoing reasons, Leon's petition for a writ of habeas corpus is dismissed as time-barred. Dismissal, of course, is without prejudice to Leon seeking in state court any state remedies that might be available to him under state law.

Since Leon has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in favor of respondent and to close this case.

So Ordered.

Dated: Brooklyn, New York
April 22, 2016

                                                ERIC N. VITALIANO
                                                United States District Judge